UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ASPEN SPECIALTY INSURANCE COMPANY,<br><br>                                                               Plaintiff.<br>v.<br><br>NEW CROWN HOLDINGS, LLC, and DALE PAULSON<br>Individually and on behalf of all others similarly situated,<br><br>                                                            Defendants. | No. 1:21-cv-3838 |

**ASPEN SPECIALTY INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY JUDGMENT**

      Plaintiff Aspen Specialty Insurance Company ("Aspen"), by and through its counsel, submits this Complaint for Declaratory Judgment against Defendants New Crown Holdings, LLC ("New Crown") and Dale Paulson, individually and on behalf of all others similarly situated ("Paulson"), stating as follows:

**NATURE OF THE ACTION**

      1.     This is an action for declaratory judgment, brought pursuant to 28 U.S.C. §§ 2201 and 2202, for the purpose of determining Aspen's rights and legal obligations under a commercial general liability insurance policy to which New Crown is an insured (the "Aspen Policy") as it relates to a lawsuit entitled *Dale Paulson, et al v. New Crown Holdings, LLC,* Case No. 2020 CH 07526, pending in the Circuit Court of Cook County, Illinois (the "*Paulson* BIPA Class Action"). The underlying *Paulson* BIPA Class Action seeks declaratory, injunctive and equitable relief as well as statutory damages and attorneys' fees alleging violations of Illinois' Biometric Information Privacy Act, 740 ILCS §14/1, *et seq.* ("BIPA") by the tracking of Holiday Inn franchise employee time through fingerprint scans.

2. Aspen seeks a declaration that it owes no duty to defend or indemnify New Crown with respect to the *Paulson* BIPA Class Action because that Complaint does not assert any claims within the coverage of the Aspen Policy.

## THE PARTIES

3. Aspen Specialty Insurance Company is a corporation organized under the laws of the State of North Dakota with its principal place of business in Rocky Hill, Connecticut.

4. New Crown Holdings, LLC is an Illinois limited liability company with its principal place of business in Gurnee, Illinois. New Crown's sole member is a foreign corporation based in Hong Kong.

5. Dale Paulson is a person and citizen of the State Illinois. He is the plaintiff in the underlying *Paulson BIPA Class Action,* who brings claims individually and on behalf of all others similarly situated. Mr. Paulson is named in this action solely to the extent he may be deemed a necessary party. Aspen seeks no separate relief or judgment against Mr. Paulson (or the putative class he seeks to represent) and seeks only to bind him (and the putative class he seeks to represent) to the outcome of this lawsuit.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action, pursuant to 28 U.S.C. §§ 2201 and 2202, insofar as Aspen seeks a declaration of its rights and duties under the insurance policies at issue. Jurisdiction is also conferred by 28 U.S.C. § 1332(a), as complete diversity exists between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(a)(2), because a substantial part of the events giving rise to the claim herein occurred within this District.

8. There is a genuine dispute and actual controversy, over which this Honorable Court has jurisdiction, between Aspen and the New Crown concerning their respective rights, duties and obligations for which Aspen requests a declaration of rights and obligations under the Aspen Policy. The declaratory judgment sought will settle the controversy between the parties.

## THE *PAULSON* BIPA CLASS ACTION

9. On December 30, 2020 Dale Paulson, individually and on behalf of all others similarly situated, filed a putative class action alleging violations of Illinois' Biometric Information Privacy Act ("BIPA") against New Crown in the Circuit Court of Cook County, Illinois – Chancery Division under Case No. 2020 CH 07526 ("*Paulson* BIPA Class Action"). A copy of the *Paulson* BIPA Class Action Complaint is attached hereto as Exhibit 1.

10. New Crown owns, operates and manages a Holiday Inn franchise in Gurnee, Illinois. *Id.* at ¶1.

11. Paulson alleges he worked as an engineer for New Crown during 2015 and until the end of March 2016. *Id.* at ¶45.

12. Paulson alleges that, as an employee of New Crown, he was enrolled in an employee database using a scan of his fingerprint and that New Crown used this database to track employee time. *Id.* at ¶2.

13. Paulson also alleges that New Crown did not inform him that it was collecting and storing his fingerprint biometric information, did not advise of any biometric data retention policy, and did not provide Paulson with a written release with respect to collecting and storing of biometric data. *Id.* at ¶¶50-52.

14. Paulson also alleges that New Crown did not obtain consent for any transmission to third parties of his biometric information (and that of others) and, "[t]o the extent Defendant uses outside vendors to operate its biometrics program in conformance with biometric industry

practice, Defendant has also violated BIPA on each occasion it transmits such information to third parties." *Id.* at ¶53.

15. The proposed class in the *Paulson* BIPA Class Action include: "[a]ll individuals whose biometrics were captured, collected, obtained, stored or used by Defendant within the state of Illinois at any time within the applicable limitations period." *Id.* at ¶57.

16. The *Paulson* BIPA Class Action Complaint sounds in three violations of BIPA against New Crown: (i) Violation of 740 ILCS § 14/15(a): Failure to Institute, Maintain and Adhere to Publicly-Available Retention Schedule; (ii) Violation of 740 ILCS § 14/15(b): Failure to Obtain Informed Written Consent and Release Before Obtaining Biometric Identifiers or Information; and (iii) Violation of 740 ILCS § 14/15(d): Disclosure of Biometric Identifiers and Information Before Obtaining Consent.

17. The *Paulson* BIPA Class Action Complaint seeks an order: 1) certifying the case as a class action; 2) declaring that New Crown violated BIPA; 3) awarding statutory damages of $5000 for the intentional/reckless violation of BIPA or, alternatively, statutory damages of $1000 per negligent violation; 4) declaring that New Crown's actions were intentional and/or reckless; 5) awarding injunctive and other equitable relief; and 6) awarding Plaintiff and the class reasonable attorneys' fees and costs.

### THE ASPEN CGL POLICY

18. Aspen issued one Commercial General Liability policy to first Named Insured Crown Hotels LLC and under which New Crown is also a Named Insured under policy no. CR007KG18 effective January 22, 2018 to January 22, 2019 (the "Aspen Policy"). A certified copy of the Aspen Policy is attached hereto as Exhibit 2.

19. The Aspen Policy is subject to an endorsement limiting coverage to designated premises or projects, including 6161 West Grand Avenue in Gurnee, Illinois – the location at issue in the *Paulson* BIPA Class Action. *Id.* at ASPEN000087; Ex. 1 at ¶1.

20. The Aspen Policy is subject to the following Insuring Agreement applicable to Coverage A – Bodily Injury and Property Damage Liability:

> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.\*\*\*
>
> \* \* \*
>
> **b.** This insurance applies to bodily injury" and "property damage" only if:
>
> **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
> **(2)** The "bodily injury" or "property damage" occurs during the policy period; \*\*\*
>
> \* \* \*

Ex. 2 at ASPEN000010.

21. The Aspen Policy is subject to the following Insuring Agreement applicable to Coverage B – Personal and Advertising Injury Liability:

> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.\*\*\*
>
> \* \* \*
>
> **b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

\* \* \*

Ex. 2 at ASPEN000015.

22. The Aspen Policy is subject to the following Insuring Agreement applicable to Coverage C – Medical Payments:

    **a.** We will pay medical expenses as described below for "bodily injury" caused by an accident\*\*\*

Ex. 2 at ASPEN000017.

23. The Aspen Policy is subject to the following definitions:

    **3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

    **13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

    **14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

\* \* \*

    c. Oral or written publication, in any manner, of material that violates a person's right of privacy;

\* \* \*

    **17.** "Property damage" means:
        **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
        **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\* \* \*

For the purposes of this insurance, electronic data is not tangible property.

\* \* \*

6

Ex. 2 at ASPEN000022-24.

24. The Aspen Policy is subject to the following exclusions under Coverage A – Bodily Injury and Property Damage Liability:

**2. Exclusions**

This insurance does not apply to:

\* \* \*

e. **Employer's Liability**
"Bodily injury" to
**(1)** An "employee" of the insured arising out of and in the court of
**(a)** Employment by the insured; or
**(b)** Performing duties related to the conduct of the insured's business\*\*\*

\* \* \*

q. **Recording And Distribution Of Material Or Information In Violation Of Law**
"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:
**(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;
**(2)** The CAN-SPAM Act of 203, including any amendment of or addition to such law;
**(3)** The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transactions Act (FACTA); or
**(4)** Any federal, state or local statute or ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communication or distribution of material or information.

\* \* \*

Ex. 2 at ASPEN000011-15.

25. The Aspen Policy is subject to the following exclusions under Coverage B – Personal and Advertising Injury Liability:

**2. Exclusions**

This insurance does not apply to:

a. **Knowing Violation Of Rights Of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

\* \* \*

c. **Material Published Prior To Policy Period**
"Personal and advertising injury" arising out of oral or written publication, in any manner, of material whose first publication took place before the beginning of the policy period.

\* \* \*

p. **Recording And Distribution Of Material Or Information In Violation Of Law**
"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:
   **(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;
   **(2)** The CAN-SPAM Act of 203, including any amendment of or addition to such law;
   **(3)** The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transactions Act (FACTA); or
   **(4)** Any federal, state or local statute or ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communication or distribution of material or information.

\* \* \*

Ex. 2 at ASPEN000015-16.

26. The Aspen Policy is subject to the following endorsement:

**EMPLOYMENT-RELATED PRACTICES EXCLUSION**

8

\* \* \*

**A.** The following exclusion is added to Paragraph **2.**, **Exclusions** of Section **I** – **Coverage A – Bodily Injury and Property Damage Liability**:

**B.** The following exclusion is added to Paragraph **2.**, **Exclusions** of Section **I** – **Coverage B – Personal and Advertising Injury Liability**:

This insurance does not apply to:

"Bodily injury" to":  //  "Personal and advertising injury" to:

**(1)** A person arising out of any:

  **(a)** Refusal to employ that person
  **(b)** Termination of that person's employment; or
  **(c)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; \*\*\*

\* \* \*

Ex. 2 at ASPEN000073.

27. The Aspen Policy is also subject to the following endorsement:

**EXCLUSION – ACCESS OR DISCLOSURE OF CONFIDENTIAL OR PERSONAL INFORMATION AND DATA-RELATED LIABILITY – LIMITED BODILY INJURY EXCEPTION NOT INCLUDED**

**A.** Exclusion **2.p.** of **Section I. – Coverage A – Bodily Injury And Property Damage Liability** is replaced by the following:

**2. Exclusions**

This insurance does not apply to:

**p. Access Or Disclosure Of Confidential Or Personal Information And Data-related Liability**

Damages arising out of:

**(1)** Any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information,

9

        credit card information, health information or any other type of nonpublic information; or

**(2)**     The loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of that which is described in Paragraph **(1)** or **(2)** above.

As used in this exclusion, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

**B.**     The following exclusion is added to Paragraph **2., Exclusions** of Section **I – Coverage B – Personal and Advertising Injury Liability**:

**2.**     **Exclusions**

This insurance does not apply to:

**Access Or Disclosure Of Confidential Or Personal Information**

"Personal or advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expense, public relations expenses or any other loss, cost or expense incurred by you or other arising out of any access to or disclosure of any person's or organization's confidential or personal information.

        \*        \*        \*

Ex. 2 at ASPEN000069.

*28.*     **NEW CROWN'S NOTICE TO ASPEN OF THE *PAULSON* BIPA CLASS ACTION**

29.     New Crown provided its first notice of the *Paulson* BIPA Class Action to Aspen on February 5, 2021.

30. Aspen denied coverage on April 22, 2021. A copy of the denial letter is attached hereto as Exhibit 3.

## COUNT I – DECLARATORY JUDGMENT
*No coverage for the Paulson BIPA Class Action Under the Aspen Policy.*

31. Aspen re-alleges the foregoing paragraphs as though fully set forth herein.

32. No coverage is available to New Crown for its claim under the Aspen Policy because:

> a. There is no coverage available for Coverage A – Bodily Injury and Property Damage Liability because the *Paulson* BIPA Class Action does not allege "bodily injury" or "property damage" caused by an "occurrence" as those terms are defined by the Aspen Policy. And to the extent "bodily injury" or "property damage" is deemed alleged, the *Paulson* BIPA Class Action alleges such occurred in 2015 and 2016, which is prior to the inception of the Aspen Policy.
>
> b. Various exclusions under Coverage A emphasize the lack of coverage for the *Paulson* BIPA Class Action
>
>   > i. Employer's Liability Exclusion – 2.e.;
>   > ii. Recording And Distribution Of Material Or Information In Violation Of Law Exclusion – 2.q.;
>   > iii. Employment-Related Practices Exclusion Endorsement; and
>   > iv. Exclusion – Access Or Disclosure Of Confidential Or Personal Information And Data-Related Liability – Limited Bodily Injury Exception Not Included Endorsement.
>
> c. There is no coverage available for Coverage B – Personal and Advertising Injury for the *Paulson* BIPA Class Action because, to the extent the collection of fingerprint information invades Paulson's (or any other employee's) right to privacy, there are no allegations of oral or written publication, especially to a third party, of such information so as to satisfy the requirements of Coverage B. And to the extent "personal and advertising injury" is deemed alleged, the *Paulson* BIPA Class Action alleges such occurred in 2015 and 2016, which is prior to the inception of the Aspen Policy.
>
> d. Various exclusions under Coverage B emphasize the lack of coverage for the *Paulson* BIPA Class Action

      i. Knowing Violation Exclusion – 2.a.;
     ii. Material Published Prior To Policy Period Exclusion – 2.d.;
    iii. Recording And Distribution Of Material Or Information In Violation Of Law Exclusion – 2.p.;
    iv. Employment-Related Practices Exclusion Endorsement; and
     v. Exclusion – Access Or Disclosure Of Confidential Or Personal Information And Data-Related Liability – Limited Bodily Injury Exception Not Included Endorsement.

    e. There is no coverage available for Coverage C – Medical Payments (which is derivative of Coverage A) because the *Paulson* BIPA Class Action does not allege "bodily injury."

WHEREFORE, Aspen Specialty Insurance Company prays that this Court:

1. Declare and adjudicate that New Crown's claim is not covered by the Aspen Policy.

2. Declare and adjudicate that Aspen owes no duty to defend or indemnify New Crown in the *Paulson* BIPA Class Action.

3. Grant such other and further relief as shall be just and proper

                    Respectfully submitted,

Dated July 19, 2021             ASPEN SPECIALTY INSURANCE COMPANY

                    */s/ Elise D. Allen*
                    Adam H. Fleischer
                    Elise D. Allen
                    BATESCAREY LLP
                    191 N. Wacker Drive, Suite 2400
                    Chicago, IL 60606
                    Telephone: (312) 762- 3100
                    Facsimile: (312) 762-3200
                    afleischer@batescarey.com
                    eallen@batescarey.com

2749794